**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| DAVID GLENN ALEXANDER | 14-01092-5-SWH |
| MELLISA FOLEY ALEXANDER | CHAPTER 13 |
| DEBTOR(S) | |

**MINUTES OF 341 MEETING AND**
**MOTION FOR CONFIRMATION OF PLAN**

　　　　　**NOW COMES,** the Trustee in the above referenced Chapter 13 case and moved the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1.　　That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on **APRIL 7, 2014** or has (have) supplied answers to written interrogatories:

2.　　The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B), and Interim Bankruptcy Rule 1007, and Rule 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3.　　There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4.　　The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5.　　The Debtor(s) shall pay to the Trustee aggregate payments of **$7,500.00**, which amount is the "Plan Base," and such payments shall be paid as follows: **60 MONTHS @ $125.00**. **The Debtor's applicable commitment period under 11 U.S.C. § 1325(b)(4) is 60 months.  The Debtor's plan shall not end prior to completion of the applicable commitment period unless all allowed general unsecured claims have been paid in full.**  The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the Court and all required thereby to be paid by the Debtor(s). The Debtor(s) must pay the Plan Base to the Trustee for distribution under the terms of the confirmed Plan before a discharge may be entered;

6.　　The Plan established a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool" as provided for in 11 U.S.C. §1325(b)(1)(B). The Plan established the Unsecured Pool in this case as **$2,776.20**. After satisfaction of all allowed priority and administrative claims, unsecured creditors shall receive their *pro rata* portion of any funds remaining in the Unsecured Pool;

7.　　In this case, it is necessary that **general unsecured creditors** receive **$0.00** to satisfy the requirements of §1325(a)(4)(commonly known as the "liquidation test"). If a dollar amount is specified herein which pays less than all such claims in full, those holding such claims shall receive their *pro rata* portion of such amount.

8.　　It is anticipated that one, two or all three of the Debtors' children, two of whom are college students at the time of this Motion, will cease to be dependents of the Debtors during the 60 month term of this plan. Exactly when that will happen and what the effect of those changes will be cannot now be anticipated, and it cannot be determined whether such changes will be substantial and may alone justify modification of this plan. Accordingly, nothing in this regard shall affect or prejudice in any way the rights of the Debtors, the Trustee or any holder of an

allowed unsecured claim from seeking modification of the Debtors' confirmed plan pursuant to 11 U.S.C. §1329 after confirmation.

9.      Since various factors, including but not limited to periodic fluctuation of the Trustee's commission during the course of this case, may affect the amount of funds in the Unsecured Pool available for distribution to unsecured creditors, the Unsecured Pool shall be increases by the "base" amount not needed to satisfy allowed secured, priority, and administrative claims (including the Trustee's commission);

10.     Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before **JULY 7, 2014** shall be disallowed. Claims of governmental units, proofs of which are not filed before **AUGUST 25, 2014** shall be disallowed.

11.     Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 10 below;

12.     The claims of the following **secured creditors** shall be paid in the amount set out below.  The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan.  All adequate protection payments are applied to reduction of the principal amount of the creditor's claim.  With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief.  With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date.  With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b).  If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor.  In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12).  Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection.  The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan.  Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible.  The creditor's allowed claim will be paid within the term stated.

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 1- SECU | DOT | $115,322.32 SECURED | TO BE PAID DIRECT |

13.     The following creditors have filed secured proofs of claim, but due to the value placed on the collateral, the claims will be treated as unsecured and paid with the other unsecured claims;

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| NONE | | | |

14.     The Treatment of claim indicated in paragraphs 10 and 11 above is based on information known to the Trustee at the time of the filing of this Motion.  The treatment of some claims may differ from that indicated if subsequent timely filed claims or amended claims require different treatment;

15.     The following executory contracts and unexpired leases shall either be assumed or rejected as indicated below. With respect to any such contract or lease which is "Rejected," upon entry of an Order confirming plan, as modified by this Motion, the automatic say of 11 U.S.C. §362(a) shall be lifted and modified with respect to a such agreement and any property held by the creditor of lessor, included but not limited to any security deposit "for cause under 11 U.S.C. §362(d)(1)".

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| NONE | | |

16.     Priority claims shall be paid in full over the term of the Plan;

17.     That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;

18.     That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, that automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditors claim of the subject of such objection shall not vest in the Debtor(s) but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);

19.     That the attorney for the Debtor(s) is requesting compensation for services in the amount of **$3,700.00** plus costs advanced of  **$215.00**, as reflected in the Rule 2016 Disclosure of Compensation (or Amended Disclosure, if applicable) filed with the Court, of which **$0.00** was paid to counsel prior to filing.  The Trustee recommends to the Court a fee of $**3,700.00**, plus costs advanced of **$215.00**, for a sum of **$3,915.00** to be paid to counsel through the plan.  If the amount recommended to be paid is different from that requested, an explanation can be found in Exhibit "A".

DATED: **MAY 15, 2014**

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh,  NC  27661-1039

**EXHIBIT "A"**

**NAME OF DEBTOR(S):**    **DAVID GLENN ALEXANDER**         **CASE NUMBER: 14-01092-5-SWH**
                    **MELLISA FOLEY ALEXANDER**

                                       **GROSS INCOME:**
**EMPLOYMENT:**    Debtor:  JOHNSTON COUNTY SCHOOLS    $4,606
                    PART TIME JOB                     $360

                    Spouse:  WAKE COUNTY SCHOOLS       $2,259

BUSINESS:                         NON-BUSINESS:  X

Prior Bankruptcy Cases: Yes:   No: X
If so, Chapter  filed:   Disposition:

Real Property:  (Brief Description: Ex - H&L, mobile home, etc)
Description:  601 QUEST RIDGE DR. FUQUAY VARINA, NC  27526

FMV          $140,000              Date Purchased
Liens        $115,322              Purchase Price     $
Exemptions   $ 60,000              Improvements       $
Equity       $      0              Insured for        $
Rent         $    N/A              Tax Value          $

Tenants by Entirety:  Yes (X)   No ()

COMMENTS:

Attorney Fees and Costs Advanced*
Requested:       $3,700.00(excluding filing fee)
Costs Advanced:  $  215.00
Paid:            $     0.00 (excluding filing fee)
Balance:         $3,915.00

Trustee's Recommendation: $3,700.00 plus $215.00
Comments:   TRAVIS SASSER
*Costs Advanced include expenses such as  Filing Fee, Credit Reports, Credit Counseling Expenses, and Judgment searches, as itemized on the Rule 2016 Disclosure (or Amended Rule 2016 Disclosure, if filed)

| Plan Information: After 341 | | | | Payout % After 341 | |
|---|---|---|---|---|---|
| Total Debts $151,986 | Pay in | $7,500 | | Priority | 100% |
| Priority $   94 | Less 6% | $  450 | | Secured | 0% |
| Secured $    0 | Requested | | | Unsecured | 2% |
| Unsecured $151,892 | Atty fee | $3,915 | | Joint | 0% |
| Joint Debts $   0 | Available | $3,135 | | Co-Debts | 0% |
| Co Debts $   0 | | | | | |

Annual Review:       Yes:  () No: (X)
Payroll Deduction:   () Yes   (X) No

Objection to Confirmation:    Yes ()   No (X)
Pending:
Resolved:

Motions Filed:        Yes ()  No (X)
If so, indicate type and status:
Hearing Date:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**


| | |
|---|---|
| IN RE: | CASE NUMBER: |
| DAVID GLENN ALEXANDER | 14-01092-5-SWH |
| MELLISA FOLEY ALEXANDER | CHAPTER 13 |
|     DEBTOR(S) | |

**NOTICE OF MOTION FOR CONFIRMATION OF PLAN**

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before **JUNE 12, 2014**  you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

**U.S. Bankruptcy Court**
**Eastern District of North Carolina**
**PO Box 791**
**Raleigh, NC  27602**

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| | | |
|---|---|---|
| JOHN F. LOGAN | DAVID GLENN ALEXANDER | TRAVIS SASSER |
| CHAPTER 13 TRUSTEE | MELLISA FOLEY ALEXANDER | LAW OFFICE OF TRAVIS SASSER |
| PO BOX 61039 | 601 QUEST RIDGE DR. | 2000 REGENCY PKWY. STE 230 |
| RALEIGH, NC  27661-1039 | FUQUAY VARINA, NC  27526 | CARY, NC  27518 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED: MAY 15, 2014


   /s/ John F. Logan
John F. Logan, Chapter 13 Trustee
PO Box 61039
Raleigh, NC  27661-1039
(919) 876-1355

# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: DAVID GLENN ALEXANDER                      CASE NUMBER: 1401092
DEBTOR 2 NAME: MELLISA FOLEY ALEXANDER

I _____Robert J Wallace, Jr._____ certify under penalty of perjury that I have served the attached document on the below listed entities in the manner shown on __5/15/2014__ :


Via Electronic Delivery:

TRAVIS SASSER,LAW OFFICE OF TRAVIS SASSER,2000 REGENCY PARKWAY, SUITE 230,CARY NC 27518

Via U.S. First Class Mail, or electronic service, if such interested party is an electronic filing user,
pursuant to Local Rule 5005-4(9)(b):

AMERICAN ANESTHESIOLOGY,PO BOX 19007,RALEIGH NC 27619
BULL CITY FINANCIAL SOLUTIONS,1107 WEST MAIN STREET,SUITE 201,DURHAM NC 27701
CAPITAL ONE,2730 LIBERTY AVENUE,PITTSBURGH PA 15222
CAPITAL ONE,ATTN: MANAGING AGENT,PO BOX 85520,RICHMOND VA 23285-5520
CREDIT BUREAU SYSTEMS, INC.,100 FULTON COURT,PADUCAH KY 42001
CREDIT FINANCIAL SERVICES,COLLECTION DIVISION,PO BOX 451,DURHAM NC 27702
DAVID GLENN ALEXANDER,MELLISA FOLEY ALEXANDER,601 QUEST RIDGE DRIVE,FUQUAY VARINA NC 27526-8720
DRS. ROBERT ENGLEHARDT,ATTN: MANAGING AGENT,1010 HIGH HOUSE RD.,STE. 100 CARY NC 27513
DUKE PRIMARY CARE,5213 SOUTH ALSTON AVENUE,DURHAM NC 27713
FUQUAY OPHTHALMOTLOGY & GLAUCOMA, PC,ATTN: MANAGING AGENT,1000 NORTH MAIN ST., STE. 204,FUQUAY VARINA NC 27526
GE CAPITAL RETAIL BANK,ATTN: BANKRUPTCY DEPT,PO BOX 103104,ROSWELL GA 30076
HEART AND HAND FAMILY MEDICINE,ATTN: MANAGING AGENT,800 W WILLIAMS ST #200,APEX NC 27502
JL WALSTON,1530 NORTH GREGSON ST.,DURHAM NC 27701-1164
KOHLS/CAPITAL ONE,PO BOX 3043,MILWAUKEE WI 53201
M & T BANK,ATTN: OFFICER,PO BOX 1508,BUFFALO NY 14240
MELLISA FOLEY ALEXANDER,601 QUEST RIDGE DRIVE,FUQUAY VARINA NC 0
PHEAA-DEFAULT,ATTN: BK DEPT,PO BOX 8147,HARRISBURG PA 17105
PHEAA,P. O. BOX 1463,HARRISBURG PA 17105
RALEIGH MRI CENTER,ATTN: MANGING AGENT,3811 MERTON DR.,RALEIGH NC 27609
RALEIGH NEUROLOGY ASSOCIATES,DEPT CODE 3146,PO BOX 63146,CHARLOTT NC 28263
RALEIGH NEUROSURGICAL CLINIC,ATTN:  MANAGER OR REG. AGENT,3700 BARRETT DR.,RALEIGH NC 27609
RALEIGH ORTHOPAEDIC CLINIC,ATTN: MANAGING AGENT,PO BOX 10707,RALEIGH NC 27605
RALEIGH RADIOLOGY,3200 BLUE RIDGE ROAD, SUITE 100,RALEIGH NC 27612
REX HEALTHCARE LAB,ATTN:  MANAGING AGENT,PO BOX 222098,CHARLOTTE NC 28222-2098
REX HEALTHCARE,ATTN: MANAGING AGENT,PO BOX 1511,RALEIGH NC 27602-1511
REX HOSPITAL,ATTN:  MANAGING AGENT,4420 LAKE BOONE TRAIL,RALEIGH NC 27607
REX HOSPITAL,ATTN: MANAGING AGENT,PO BOX 71058,CHARLOTTE NC 28272
REX PEDIATRICS OF CARY,1515 SW CARY PARKWAY, STE. 220,CARY NC 27511
SCA COLLECTIONS,PO BOX 876,300 E ARLINGTON BLVD,GREENVILLE NC 27835-0876
SEARS,PO BOX 6189,SIOUX FALLS SD 57117
STATE EMPLOYEE CREDIT UNION,LOSS MITIGATION DEPT.,ATTN: LORI BARNES,PO BOX 25279 RALEIGH NC 27611-5279
TARGET,ATTN: MANAGING AGENT,PO BOX 673,MINNEAPOLIS MI 55440
TRIANGLE PHYSICIAN NETWORK,PO BOX 600110,211 FRIDAY CENTER DR,RALEIGH NC 27675
UNC HOSPITALS,ATTN:  BANKRUPTCY DEPT.,211 FRIDAY CENTER DR.,CHAPEL HILL NC 27517
UNC PHYSICIANS & ASSOCIATES,THE UNIVERSITY OF NC AT CHAPEL HILL,PO BOX 600099,RALEIGH NC 27675
UNITED STATES DEPT. OF EDUCATION,CLAMS FILING UNIT,PO BOX 8973,MADISON WI 53708
US DEPT. OF EDUCATION,ATTN:  MANAGER,PO BOX 530229,ATLANTA GA 30353-0229


By Electronic Transmittal :
By Fax :


I certify that I have prepared the Certificate of Service and that it is a true and correct copy to the best of my knowledge, information and belief.

Date : ___5/15/2014___                Signature : _____Robert J. Wallace, Jr._____

Premium Graphics, Inc.
2099 Thomas Road Suite 10
Memphis, TN 38134

# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: DAVID GLENN ALEXANDER                                    CASE NUMBER: 1401092
DEBTOR 2 NAME: MELLISA FOLEY ALEXANDER

I _____Robert J Wallace, Jr._____ certify under penalty of perjury that I have served the attached document on the below listed entities in the manner shown on ___5/15/2014___ :


VALENTINE AND KEBARTAS, INC,15 UNION STREET,LAWRENCE MA 1840
WAKE COUNTY REVENUE DEPARTMENT,ATTN: MGR OR REGISTERED AGENT,PO BOX 550,RALEIGH NC 27602-0550
WAKE EMERGENCY PHYS, PA,ATTN: MANAGING AGENT,PO BOX 2249,PAWLEYS ISLAND SC 29585-2249
WAKE MED HEALTH & HOSPITALS,PFS COLLECTIONS UNIT-BANKRUPTCY,PO BOX 29516,RALEIGH NC 27626
WAKE ORTHOPAEDIC, LLC,ATTN: MANAGING AGENT,3009 NEW BERN AVE.,RALEIGH NC 27610-1214
WAKE RADIOLOGIST CONSULTANTS,ATTN: MANAGING AGENT,PO BOX 19368,RALEIGH NC 27619
WAKE RADIOLOGY CONSULTANTS, PA,POST OFFICE BOX 19368,RALEIGH NC 27619-9368


By Electronic Transmittal :
By Fax :

I certify that I have prepared the Certificate of Service and that it is a true and correct copy to the best of my knowledge, information and belief.

Date : _____5/15/2014_____                Signature : _____Robert J. Wallace, Jr._____

Premium Graphics, Inc.
2099 Thomas Road Suite 10
Memphis, TN 38134